# EXHIBIT "A"

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE (hereinafter referred to as "this Agreement") is made and entered into by and between Yosly Rogers ("Plaintiff"), Accord Services, LLC, and any of its former or current employees, managers, attorneys, agents, officers, directors, owners, shareholders, parent companies, predecessors, subsidiaries, and affiliates (hereinafter collectively referred to as "the Company"), and Darlene Dillon ("Dillon"). The Company and Dillon are collectively referred to as "Defendants;" Defendants and Plaintiff are collectively referred to as the "Parties."

## W I T N E S S E T H

**WHEREAS**, Plaintiff is presently involved in litigation against Defendants in the United States District Court for the Northern District of Georgia, Civil Action No. 1:17-cv-01274-SCJ; and

**WHEREAS**, the Parties want to settle fully and finally their disputes including the pending litigation;

**NOW, THEREFORE,** in consideration of the premises and mutual promises herein contained, the Parties agree as follows:

1. Non-Admission of Liability or Wrongful Conduct.

This Agreement is in no way an admission by Defendants that they have acted wrongfully with respect to Plaintiff or any other person, or that Plaintiff has any rights against Defendants. Defendants specifically disclaim and deny any liability to, or wrongful acts against, Plaintiff or any other person, on the part of themselves or their agents.

2. No Other Claims.

Plaintiff represents that she has filed no complaints, charges, or lawsuits against Defendants that are presently pending with any governmental agency or any court, other than the lawsuit styled *Yosly Rogers v. Accord Services, LLC, and Darlene Dillon,* Civil Action No. 1:17-cv-01274-SCJ, in the United States District Court for the Northern District of Georgia, and Plaintiff does not intend to assert further claims against Defendants related to her prior employment with the Company.

3. Employment with the Company.

Plaintiff is no longer employed by the Company and has no intention of working there again.

4. Consideration.

After Plaintiff provides Defendants an executed original of this Agreement, or an executed copy of this Agreement transmitted by facsimile or e-mail, and within 10 days after the Court has reviewed and approved this Agreement, Defendants agree to pay to Plaintiff the gross

47032766.1

sum of $35,536.00 (Thirty-Five Thousand Five Hundred Thirty-Six Dollars), allocated as set forth below and as requested by Employee, in settlement of Plaintiff's claims against Defendants:

    a. A check made payable to Employee in the gross amount of $10,518.30 shall be allocated to Plaintiff for alleged unpaid wages. Applicable required deductions and withholding at the rate required by applicable IRS regulations shall be taken from this payment, and the Company shall issue to Employee a W-2 form for this payment.

    b. A check made payable to Employee in the gross amount of $10,518.30 shall be allocated to liquidated damages, which shall be paid separately without any deduction for any taxes or other withholdings, in non-employment income reported on a 1099-MISC form.

    c. A check made payable to Martin & Martin, LLP, in the gross amount of $14,499.40. This payment is in full satisfaction and settlement, and not a compromise, of Employee's claims for attorneys' fees under the Fair Labor Standards Act. The parties agree this payment is not wages. No deductions or withholding shall be taken from this payment, and the Company shall issue to Martin & Martin, LLP, a 1099-MISC form for this payment.

The matter was vigorously litigated by the Parties.

The Parties agree that this payment includes liquidated damages and is a fair and reasonable resolution of a bona fide dispute over FLSA provisions and regulations applicable to the status of Staffing Coordinators and the compensability or non-compensability of time spent while on call.

    5.     <u>Dismissal with Prejudice.</u>

Subject to the Court's review and approval, and upon payment of the consideration provided for in Section 4, above, the Parties will file a Dismissal with Prejudice of the action presently pending in the United States District Court for the Northern District of Georgia, Civil Action No. 1:17-cv-01274-SCJ.

    6.     <u>Consultation with Counsel; Time to Decide.</u>

Defendants recommend that Plaintiff consult with an attorney of her choosing before deciding whether to sign this Agreement. Plaintiff represents and agrees that she fully understands her right to discuss all aspects of this Agreement with an attorney and acknowledges that she has been given a reasonable period of time to consider whether she should sign this Agreement. She further states that the material terms of this Agreement have been negotiated by and through her legal counsel, Thomas Martin of the firm Martin & Martin, LLP.

47032766.1

7. Severability.

The provisions of this Agreement are severable, and if any part of it is found to be unenforceable, the other paragraphs shall remain fully valid and enforceable. This Agreement shall survive the termination of any arrangements contained herein.

8. Knowing and Voluntary Waiver.

Plaintiff affirms that she is signing this Agreement voluntarily and of her own free will, having fully exercised her right to consult with her legal counsel in the litigation.

9. No Other Representations.

Plaintiff represents and acknowledges that in executing this Agreement she does not rely, and has not relied, upon any representation or statement not set forth herein made by Defendants or by any of the Defendants' agents, representatives, or attorneys with regard to the subject matter, basis or effect of this Agreement or otherwise.

10. Choice of Law and Forum.

Should a party to this Agreement bring legal action alleging that another party to this Agreement has breached the Agreement, such litigation shall be filed in state court in Cobb County, Georgia, and decided under Georgia law.

11. Counterparts.

This Agreement may be signed in any number of counterparts, each of which is an original and all of which taken together form one single document.

12. Sole and Entire Agreement.

This Agreement sets forth the entire agreement between the Parties hereto, and fully supersedes any and all prior agreements or understandings between the Parties hereto pertaining to the subject matter hereof.

*(Signature page follows.)*

47032766.1

Executed this 3rd day of November, 2017.

_____
Yosly Rogers

APPROVED AS TO FORM:

_____
Thomas Martin
Attorney for Plaintiff

Executed this 7 day of NOVEMBER, 2017.

_____
For the Company

Executed this ___ day of _____, 2017.

_____
Darlene Dillon